

U N I T E D   S T A T E S   D I S T R I C T   C O U R T
D I S T R I C T   O F   N E W   J E R S E Y

MARTIN LUTHER KING JR. FEDERAL BLDG. & U.S. COURTHOUSE
50 WALNUT STREET, P.O. BOX 419
NEWARK, NJ  07101-0419
**(973) 645-6340**

**WILLIAM J. MARTINI**
    **JUDGE**

August 3, 2005

## LETTER OPINION

**VIA REGULAR MAIL**

Cotz and Cotz
Lydia B. Cotz, Esq.
180 Franklin Turnpike
Mahwah, NJ 07430
    (*Attorney for Plaintiff*)

Kelley Drye & Warren LLP
Lauri A. Mazzuchetti, Esq.
200 Kimball Drive
Parsippany, NJ 07054
    (*Attorney for Defendant*)

        **Re:**    **Tassy v. Stryker Howmedia Osteonics**
               **Docket No.: 03-6099 (WJM)**

Dear Counsel:

      This matter comes before the Court on Plaintiff's appeal of Magistrate Judge Ronald J. Hedges' Case Management Order dated April 26, 2005 denying Plaintiff's request for a second extension of discovery to allow Plaintiff the opportunity to depose a more proper Rule 30(b)(6) witness.  There was no oral argument.  Fed. R. Civ. P. 78.  For the reasons set forth below, the Case Management Order is **AFFIRMED**.

### BACKGROUND

      This appeal arises in the context of an employment discrimination action commenced on or about December 22, 2003 by Plaintiff Edny Tassy against Defendant Stryker Homedica Osteonics.  The gist of the action is that Defendant allegedly discriminated against Plaintiff by failing to provide him with adequate training between April 1989 and September 2002 on account of his race.  (*See* Compl. ¶¶ 2, 20–22.)  Because this is an appeal of a discovery order, the following are the relevant facts bearing on the progression of discovery in this case.

      Pursuant to a July 27, 2004 Pretrial Scheduling Order, discovery in this case was

originally scheduled to close on December 3, 2004.  On December 3, 2004, Plaintiff informally moved for the production of additional documents (specifically, EEO-1 forms dating back to 1989) and a sixty-day extension of the discovery deadline.  (*See* Letter-Order dated April 26, 2005 at 2, 4 [hereinafter "April 26, 2005 CMO"].)  Judge Hedges granted Plaintiff's request to extend the discovery deadline—extending discovery to January 28, 2005—but denied Plaintiff's document request without prejudice to a renewed request following Plaintiff's deposition of Defendant's Rule 30(b)(6) witness.  (*See id.* at 4.)   Plaintiff thereafter deposed Defendant's Rule 30(b)(6) witness on January 12, 2005 but during the course of the deposition came to believe that the witness was not familiar with the designated topic (that is, EEO-1 reports maintained by Defendants).  (*See* Plaintiff's Objection to Order of Magistrate Ex. A ¶ 3 [hereinafter "Pl.'s Obj."]; Decl. of Lauri Mazzuchetti, Ex. B.)  Therefore, Plaintiff's counsel contacted Judge Hedges during the deposition to complain about the adequacy of the witness (*see id*.) and, subsequently (on January 27, 2005, the day before the extended discovery period was scheduled to close), filed a formal motion requesting another extension of discovery to allow Plaintiff the opportunity to depose a more proper Rule 30(b)(6) witness (*see* Pl.'s Obj. Exs. B–C) .

Judge Hedges denied Plaintiff's motion to further extend discovery on April 26, 2005 for failing to comply with Local Civil Rules 16.1(f)(1) and 16.1 (g)(1)—that is, for failing to present his objections informally to Judge Hedges prior to the filing of the formal motion and for failing to attach an affidavit certifying that Plaintiff made a good faith effort to resolve issues raised by the motion without the intervention of the Court.  (*See* April 26, 2005 CMO at 3–4 & n.5.)  On May 10, 2005 Judge Hedges denied Plaintiff's motion for reconsideration.  Plaintiff now asks that this Court reverse the April 26, 2005 Case Management Order and extend the discovery deadline to allow Plaintiff the opportunity to depose another Rue 30(b)(6) witness.  (*See* Pl.'s Obj. ¶ 4.)

## ANALYSIS

I.     Standard of Review

Federal law affords a Magistrate broad discretion with regard to discovery matters.  A district court may not overturn a Magistrae's determination on discovery matters unless it is "clearly erroneous or contrary to law."  *See* Fed. R. Civ. P. 72(a); *Pub. Interest Research Group of N.J., Inc. v. Hercules, Inc.*, 830 F. Supp. 1525, 1546–47 (D.N.J. 1993), *aff'd in part and rev'd in part*, 50 F.3d 1239 (3d Cir. 1995).  Generally, a district court reviewing a Magistrate's Order should exercise great deference.  *See Republic of Phillippines v. Westinghouse Elec. Corp.*, 132 F.R.D. 384, 387 (D.N.J. 1990).

II.    The Case Management Order Dated April 26, 2005 Is AFFIRMED

Plaintiff argues that Judge Hedges committed legal error in denying his January 27, 2005 motion for failure to comply with Local Civil Rules 16.1(f)(1) and 16.1 (g)(1) because, contrary to what is stated in the Case Management Order, Plaintiff's counsel in fact did contact Judge Hedges during the course of the January 12, 2005 deposition to inform Judge Hedges of the

inadequacy of Defendant's Rule 30(b)(6) witness. (*See* Pl.'s Obj. ¶ 4.)[1] The Court disagrees that Judge Hedges committed any legal error.

Local Civil Rule 16.1(g)(1) requires a party filing a case management motion to attach "an affidavit certifying that the moving party has conferred with the opposing party in a good faith effort to resolve by agreement the issues raised by the motion without the intervention of the Court and that the parties have been unable to reach agreement." L. Civ. R. 16.1(g)(1). The affidavit also must set forth the "date and method of communication used in attempting to reach agreement." *Id.* In the instant case, it is undisputed that Plaintiff failed to attach the required affidavit to his January 27, 2005 case management motion. (*See* Pl.'s Obj. ¶ 2; April 26, 2005 CMO at 3.) Plaintiff's failure to comply with Local Rule 16.1(g)(1) was, therefore, an independent and adequate basis for Judge Hedges decision to deny Plaintiff's January 27, 2005 motion. Clearly Plaintiff fails to recognize this reality, as Plaintiff now argues that Judge Hedges committed legal error by denying his motion *in part* for failing to present his objections informally prior to the filing of the formal motion, as required by Local Civil Rule 16.1(f)(1). The Court need not decide whether Judge Hedges' determination with regard to Plaintiff's compliance with Local Civil Rule 16.1(f)(1) was erroneous, as this was only one of two independent and adequate bases for his decision. (*See* April 26, 2005 CMO at 3–4 & n.5.)

## CONCLUSION

For the foregoing reasons, the Case Management Order dated April 26, 2005 denying Plaintiff's request for an extension of discovery to depose a new Rule 30(b)(6) witness is **AFFIRMED**.

An appropriate Order accompanies this Opinion.

s/ William J.Martini  
**William J. Martini, U.S.D.J.**

cc:   The Honorable Ronald J. Hedges, U.S.M.J.

---

[1] The April 26, 2005 Case Managent Order also denied Plaintiff's request for the production of additional EEO-2 forms. (*See* April 26, 2005 CMO at 4.) However, Plaintiff has not appealed Judge Hedges' denial of Plaintiff's request for additional documents. The Court, therefore, will not address the issue.